IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02851-GPG

JAMES D. MANIER,

    Plaintiff,

v.

COLORADO STATE BOARD OF PAROLE,
COLORADO DEPARTMENT OF CORRECTIONS,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, James D. Manier, is in the custody of the Colorado Department of Corrections and is incarcerated at the Four Mile Correctional Center, in Cañón City, Colorado. Mr. Manier has filed a Prisoner Complaint (ECF No. 5) pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 asserting a deprivation of his federal constitutional and statutory rights.

    Mr. Manier has been granted leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

    The Court must construe the Complaint liberally because Plaintiff is not represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, this action will be dismissed.

Mr. Manier alleges in the Complaint that he has been incarcerated since his parole was revoked in January 1986.  He further alleges that the Defendants have denied him access to the documents in his parole file, so that he is unable to prepare for his November 2015 parole hearing.  Plaintiff maintains that he has repeatedly been denied parole for the past thirty years, but has never been told why or what he can do to be paroled.  The Chairman of the Colorado State Board of Parole provided Mr. Manier with a list of parole criteria in a September 22, 2014 letter and instructed Plaintiff to submit his records request through his case manager, who has been designated as the Colorado Department of Corrections Open Records Liason.  (ECF No. 5, at 5).  However, Plaintiff's case manager told him that she does not "have access to" his parole file. (*Id.* at 7).  Mr. Manier asserts that he has a constitutional right to access his parole file, and that Defendants have failed to comply with his requests for information, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the "Public Records Act of 1974."  For relief, he asks the Court to order Defendants to provide him access to all Colorado Parole Board records concerning him.

**I. § 1983 claims**

Mr. Manier contends that he has a constitutional right to access the documents maintained by the Colorado Board of Parole in his parole file, which is cognizable under 42 U.S.C. § 1983.

Section 1983 provides a remedy for the deprivation of a constitutional right by a person acting under color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Eleventh Amendment

The Colorado State Board of Parole and the Colorado Department of Corrections are Colorado agencies and are thus entitled to Eleventh Amendment immunity, absent a waiver. *See generally Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988) (the immunity conferred by the Eleventh Amendment extends to the state and its instrumentalities); *Steadfast Ins. Co. v. Agricultural Ins. Co.,* 507 F.3d 1250, 1256 (10th Cir. 2007) (recognizing that agency of the state is entitled to Eleventh Amendment immunity). Congress did not abrogate Eleventh Amendment immunity through § 1983, *see Quern v. Jordan*, 440 U.S. 332, 345 (1979), nor have the state agencies expressly waived their sovereign immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir.1988). The Eleventh Amendment prohibits suit against a state entity, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n,* 328 F.3d 638, 644 (10th Cir. 2003); *see also Hunt v. Colorado Dep't of Corrections*, No. 07-1400, 271 F. App'x 778, 780-81 (10th Cir. Mar. 28, 2008) (unpublished). Accordingly, the Defendants are improper parties to this action and will be dismissed.

### B. Fourteenth Amendment Due Process Clause

Even if the Court allowed Mr. Manier an opportunity to amend his Complaint to assert his § 1983 claim(s) against a state official in his official capacity for prospective injunctive relief, *see Ex part Young*,[1] his allegations would not be actionable under § 1983.

To state an arguable deprivation of his Fourteenth Amendment due process

---

[1] *Ex parte Young* recognized an exception to Eleventh Amendment immunity for suits brought "against a state officer in his official capacity seeking only prospective relief." *Chamber of Commerce of U.S. v. Edmondson*, 594 F.3d 742, 760 (10th Cir. 2010).

rights, Plaintiff must allege facts to show that he has a constitutionally-protected liberty interest in accessing his parole file. *See Boutwell v. Keating,* 399 F.3d 1203, 1212 (10th Cir. 2005). A liberty interest may arise under the Constitution or state law. *Id.*

The Constitution does not require that an offender be released before the expiration of a valid sentence. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Further, although a state statute may "create a liberty interest when the statute's language and structure sufficiently limits the discretion of a parole board," *see Boutwell,* 399 F.3d at 1213, Colorado prisoners generally are subject to a discretionary parole system unless they were convicted of offenses committed between July 1, 1979 and June 30, 1985. *See Thiret v. Kautzky*, 792 P.2d 801, 805 (Colo.1990). Even inmates convicted of crimes committed during this six-year period are subject to discretionary parole if the crime was a sex offense or a habitual offense. *See id.*

Mr. Mainer does not allege facts to show that he has a constitutionally protected liberty interest in parole that arises under state law. And, the letter he attaches from the Commissioner of the Colorado Parole Board indicates that Plaintiff is subject to discretionary parole. (*See* ECF No. 5, at 5).

Absent a liberty interest in parole, the Due Process Clause does not mandate an inmate's access to his parole file. *See Schuemann v. Colorado State Board of Adult Parole,* 624 F.2d 172, 175 (10th Cir.1980) (citing *Shirley v. Chestnut,* 603 F.2d 805 (10th Cir. 1979)); *Jackson v. Reese,* 608 F.2d 159, 160 (5th Cir.1979); *Slocum v. Ga. State Bd. of Pardons & Paroles*, 678 F.2d 940, 942 (11th Cir.1982); *Ingrassia v. Purkett*, 985 F.2d 987, 989 (8th Cir. 1993); *Mayes v. Trammell*, 751 F.2d 175, 179 (6th Cir. 1984).

Furthermore, "nothing in the due process concepts as they have thus far evolved that requires the Parole Board to specify the particular 'evidence' in the inmate's file or at his interview on which it rests the discretionary determination that an inmate is not ready for conditional release." *Greenholtz*, 442 U.S. at 15.

Accordingly, the Court finds that Mr. Manier's allegations fail to implicate the Fourteenth Amendment Due Process Clause.

### C. First Amendment

To the extent Mr. Manier asserts a deprivation of his First Amendment rights, his claim fails because the First Amendment does not provide a right of access to governmental process. *See El Dia, Inc. v. Hernandez Colon*, 963 F.2d 488, 494-95 (1st Cir.1992) (stating that the Supreme Court has never recognized a constitutional right of access to executive branch documents); *Calder v. Internal Revenue Serv.*, 890 F.2d 781, 783-84 (5th Cir.1989) (denying First Amendment right of access to IRS records held by that agency); *Capital Cities Media, Inc. v. Chester*, 797 F.2d 1164, 1175-76 (3d Cir.1986) (denying First Amendment right of access to records of state agency). *Accord United States v. Gonzales*, 150 F.3d 1246, 1260-61 (10th Cir. 1998) (holding that no First Amendment right of access applies to judicial administrative documents).

Indeed, the Supreme Court has stated: "There is no constitutional right to have access to particular government information, or to require openness from the bureaucracy. . . The Constitution itself is neither a Freedom of Information Act nor an Official Secrets Act." *See Houchins v. KQED, Inc.*, 438 U.S. 1, 14-15 (1978) (quoting Stewart, *Or of the Press*, 26 Hastings L.J. 631, 636 (1975)); *see also id.* at 15 ("Neither the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control.").

## II. FOIA

The FOIA grants the public a right of access to federal agency records, with exceptions enumerated in the statute, which right is enforceable in federal court. *See Milner v. Dep't of the Navy*, 562 U.S. 562, 131 S.Ct. 1259, 1261-62 (2011); *Anderson v. Dep't of Health and Human Servs.*, 907 F.2d 936, 941 (10th Cir. 1990); *Stewart v. United States Dep't of Interior*, 554 F.3d 1236, 1239 (10th Cir. 2009); 5 U.S.C. § 552(b). The FOIA governs requests made for records of a federal agency. *See Trentadue v. F.B.I.*, 572 F.3d 794, 796 (10th Cir. 2009). Section 551(1), which applies to the FOIA, clearly defines an agency, under the Act, as "each authority of the Government of the United States." Therefore, a complaint filed pursuant to § 552 is not available for someone to seek judicial review of a denial of records requested from sources that are not federal agencies.

Mr. Manier's invocation of the "Public Records Act of 1974" is ambiguous. In his letter initiating this action, he asserted a violation of the Privacy Act of 1974, 5 U.S.C. § 552a. "The Privacy Act generally allows individuals to gain access to government records on them and to request correction of inaccurate records." *Gowan v. U.S. Dep't of the Air Force*, 148 F.3d 1182, 1187 (10th Cir. 1998); *see generally* 5 U.S.C. § 552a. If the agency fails to maintain accurate information on an individual, or otherwise fail to comply with a provision of the Act, the individual may bring a civil action against the agency for injunctive relief to amend the individual's record. 5 U.S.C. § 552a(g). For purposes of the Privacy Act, the term "agency" is defined as an agency of the federal Government. 5 U.S.C. § 552a(a)(1) (incorporating definition of "agency" in § 552(f)(1)).

The Colorado Department of Corrections and Colorado Board of Parole are not federal agencies subject to the FOIA or the Privacy Act. Accordingly, Mr. Manier's

claims under the federal statutes will be dismissed as legally frivolous.

### III. Colorado Open Records Act

Mr. Manier's reference in the Complaint to the "Public Records Act of 1974" could also be construed liberally as a claim asserted under the Colorado Open Records Act (CORA), COLO. REV. STAT. (C.R.S.) §§ 24-72-201, *et seq.* (2014). CORA provides that "[a]ll public records shall be open for inspection by any person at reasonable times." *Id.* "Public Records" means "all writing maintained, or kept by the state, any agency, institution . . . or political subdivision of the state . . . ."
§ 24-72-202(6)(a)(I), C.R.S.

There is no private right of action under the CORA. *McDonald v. Wise*, 769 F.2d 1202, 1217 (10th Cir. 2014). Instead, a person who is denied the right to inspect a public record "may apply to the district court of the district wherein the record is found for an order directing the custodian of such record to show cause why the custodian should not permit the inspection of such record." § 24-72-204 (5), C.R.S.; *see, e.g.*, *Land Owners United, LLC v. Waters,* 293 P.3d 86 (Colo. App. 2011). Mr. Manier's remedy, if any, is in the state court. Accordingly, it is

ORDERED that the Prisoner Complaint filed by Plaintiff, James D. Manier, is DISMISSED. The constitutional and federal statutory claims are dismissed as legally frivolous. To the extent the Court has pendent jurisdiction over the state law claim, the Court declines to exercise such jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). Alternatively, the state law claim is dismissed without prejudice so that Mr. Manier can pursue a remedy in the state district court. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Manier files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED December 16, 2014, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court